In re PRIMARY HEALTH SYSTEMS, INC., PHS Cleveland, Inc., PHS Physician Management of Ohio, Inc., PHS Mt. Sinai, Inc., Primary Health Systems of Ohio, L.P., PHS St. Alexis, Inc. PHS Laurelwood, Inc., PHS Roxborough, Inc., and Lower Bucks, Inc., Debtors.

Official Committee of Unsecured Creditors, Plaintiffs,

v.

Medical Mutual of Ohio. Defendant.

Bankruptcy No. 99–615 MFW.
Adversary No. 01–707 JKF.

United States Bankruptcy Court, D. Delaware.

March 28, 2002.

Neil Glassman, Esquire, Wilmington, DE, for Plaintiffs.

Stephen M. Miller, Esquire, Wilmington, DE, for Defendant.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Chief Judge.

The matter before the court is the motion of Medical Mutual of Ohio ("MMO") to dismiss the Complaint filed by the Official Committee of Unsecured Creditors alleging preferential transfers [2] from the Debtor to MMO. MMO asserts that an order entered by the Bankruptcy Court on March 17, 1999, authorizing payment of wages, salaries, and employee benefits and reimbursable employment expenses (the "Benefits Order") takes the payments out of the reach of § 547 of the Bankruptcy Code. The Benefits Order provides, in pertinent part:

Upon the motion of [Debtor] and its affiliated debtors in possession ... for an order ... authorizing the Debtors to pay prepetition compensation, reimbursable expenses and other employee benefits and authorizing and directing the banks in which the Debtors maintain their ... accounts to honor all compensation, expense reimbursement and employee benefit checks and fund transfers ... and it appearing that the relief requested is essential to the continued operation of the Debtors' businesses and is in the best interest of the Debtors and their estates, creditors and equity security holders ... it is

ORDERED that the Debtors ... are, authorized to (1) pay all wages, salaries and other compensation earned in or payable with respect to the period prior to the commencement of the chapter 11 cases up to a maximum amount of $4,300 per employee, (2) reimburse employees for all business expenses incurred during the period prior to the commencement of the chapter 11 cases, and (3) honor and pay all employee benefits in accordance with their prepetition employee benefit plans and policies, including all costs and expenses incurred in connection with the maintenance of such plans and policies; and ...

ORDERED that the Debtors ... are, authorized to continue to make all premium and benefit payments under its prepetition disability, medical, dental and workers' compensation insurance and other plans and policies maintained in the ordinary course of business in connection with its employees; and ...

ORDERED that the relief herein granted is not an approval of, and shall not constitute the assumption of, any employee benefit or insurance plans or policies ....

*See* Exhibit B to Motion of Medical Mutual of Ohio to Dismiss Pursuant to Fed. R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(6).

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

2. The Complaint is in six counts. Counts Two through Four were voluntarily dismissed by the Committee. Counts Five (Recovery of Property under 11 U.S.C. § 550) and Six (Objections to Proof of Claim under 11 U.S.C. § 502(d)) become relevant only if we find a preferential transfer under Count One.

MMO asserts that pre— and postpetition it (1) provided administrative and other services relating to Debtors' self-insurance program pursuant to the terms of an Administrative Services Agreement and (2) is party to various HMO contracts together with Debtors. Debtors' motion sought authority to pay wages, benefits, etc., under § 363(b), § 503(b), and § 507(a)(3) and (4). Section 363(b) addresses the use of property other than in the ordinary course of business. Section 503(b) governs administrative expenses. Section § 507(a)(3) governs the payment of wages, salaries, and commissions, including vacation, severance, and sick pay, earned within 90 days prepetition and § 507(a)(4) establishes fourth priority for "allowed unsecured claims for contributions to an employee benefit plan" that arise from services rendered within 180 days prepetition, with certain limits on amounts. With respect to payment of prepetition claims, only sections § 507(a)(3) and (4) are relevant to the issue before us.

In its response to the motion to dismiss the Committee argues that because the Benefits Order did not *mandate* payment and did not effectuate assumption of the underlying benefits contract with MMO but merely *authorized* payment, the Committee should not be deemed to have waived its preference action. Even if this argument had merit, and we find it does not, no objections were ever filed to the motion and the Benefits Order was not appealed. Although the Creditors' Committee was not appointed at the time the motion was filed and the order was entered, all the members of the Committee but one [3] were served with notice of at least the Benefits Order. *See* Docket No. 54.[4] No objection or appeal was filed. Accordingly, even if, as the Committee alleges, the payments to MMO were avoidable preferential transfers, the order became the law of the case.

The Committee asserts that under Rule 12(b)(6) all of the plaintiff's allegations must be taken as true and so the motion to dismiss must be denied. However, the resolution of the motion to dismiss does not depend on a factual finding but on interpretation of the Benefits Order. Cases cited by MMO discuss payments that are mandated when executory contracts are assumed under § 365. These cases are not dispositive of the question either. In addition, the argument that the Benefits Order does not *require* that the payments be made and, therefore, any payments violate § 547, is without merit. If the payment falls within the authorization granted by the Benefits Order, it is protected from the Committee's § 547 challenge. We turn now to the question of whether the payments to MMO fall under the umbrella of the Benefits Order.

In its motion seeking authorization of payment of benefits, Debtors recited that they maintain various employee benefit plans and policies and that they pay benefits that are not paid by insurers. The Debtors pointed out that the filing of the bankruptcy prevented them "from paying and performing [Debtors'] obligations to employees for ... Employee Benefits to the extent that such obligations arose prior to the" date the bankruptcy was filed. "Motion for Order Under Sections 105(a), 363(b), 503(b)(1) and § 507(a)(3)–(4) ...

---

3. The members of the Creditors' Committee are Allegiance, Healthcare Corp., Amerisource Corporation, Compucare, Sodexho Marriott Services, The Illuminating Company, West Hudson, Inc., and Owen Healthcare, Inc. *See* Docket No. 80 (ECF Docket No. 82).

The certificate of service at Docket No. 54 does not contain Owen Healthcare, Inc.

4. There does not seem to be a corresponding docket number under the Electronic Case Filing (ECF) system.

712

Authorizing the Debtors to Pay ... Employee Benefits" at ¶ 12, Bankr.No. 99–615, Docket No. 14, attached as Exhibit A to Motion to Dismiss, Adv. No. 01–707, Docket No. 10. The motion also alleges that Debtors' employees could be exposed to "extreme personal hardship and may be unable to pay their daily living expenses" if their out-of pocket expenses and benefits weren't paid, *id.* at ¶ 18, and that "the maintenance of ... Employee Benefits programs and policies are essential to maintain" employee morale and loyalty. *Id.* at ¶ 20, 22. We find that the Benefits Order authorized payment to MMO and payment pursuant to the Order did not create a preferential transfer.

In light of the foregoing and based on the language of the Benefits Order and the fact that neither objections to the motion nor an appeal from the order were filed, we find that the payments to MMO are not avoidable preferential transfers and the Complaint will be dismissed.

An appropriate order will be entered.